UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-06-380-6 |
| | § | (CIVIL ACTION NO. C-11-38) |
| CATARINO GUTIERREZ JR | § | |

**ORDER DISMISSING § 2255 MOTION AS SECOND OR SUCCESSIVE AND DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the Court is Catarino Gutierrez, Jr.'s § 2255 filing dated February 14, 2011. D.E. 393. In this filing he makes two claims, first he has newly discovered evidence proving that he was not responsible for one load of marijuana weighing 5590 kilograms, and second, that his trial counsel was ineffective at sentencing for failing to object to the drug quantity used to calculate his Sentencing Guideline range. Id.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Catarino Gutierrez, Jr. ("Gutierrez") was sentenced on June 19, 2008, to 150 months in the Bureau of Prisons after his guilty plea to a charge of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. D.E. 291. At Sentencing, Gutierrez stated "Yes, Your Honor. I take full responsibility for the 7,733." D.E. 319 at 11. Gutierrez appealed, and the Fifth Circuit affirmed. D.E. 348, 349.

On March, 2.2009, the Clerk received Gutierrez' motion pursuant to 28 U.S.C. § 2255. D.E. 345. The Court denied the motion in an Order entered July 1, 2009, and also denied him a Certificate of Appealability. D.E. 357, 358. Gutierrez timely appealed (D.E. 359); the Fifth Circuit denied him a Certificate of Appealability in March 2010. D.E. 382. In July 2010, Gutierrez filed a document titled as a "Writ of Habeas Corpus" D.E. 390. Gutierrez contended that he had "newly discovered evidence" proving that there was a substantial error in the Court's

sentencing of him and showing that he was not involved in "one load of 5,590 kilograms of marijuana." He attached to his motion a sworn, notarized statement from one of his co-defendants, who averred that Gutierrez "was not involved in any way with the load of five thousand five hundred and ninety (5,590) kilograms of marijuana involved in my case." D.E. 390 at 3, Affidavit of Jose Gutierrez. That same affidavit is attached to Gutierrez' present filing.

This Court denied Gutierrez' July 2010 filing on the grounds that it was second or successive because Gutierrez had previously asserted the same issue in his initial § 2255 motion (and on appeal from the denial of that motion), whether a load of 5590 kilograms of marijuana should have been used to calculate his base offense level. D.E. 390.

Gutierrez was advised by Order dated July 9, 2011 (D.E. 391), that this Court did not have jurisdiction over his successive § 2255 motion which raised a similar claim and dismissed his writ of habeas corpus without prejudice to his seeking a certificate of appealability from the Fifth Circuit Court of Appeals. Id. Instead of filing his request for a certificate of appealability with the Fifth Circuit, Gutierrez has filed yet another § 2255 motion.

The Court concludes that it is not necessary to order a government response to Gutierrez' recent motion because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Gutierrez' motion is subject to dismissal because his claim constitutes a successive § 2255 motion and he has not obtained the requisite permission from the Fifth Circuit to file it in this Court. Absent such permission, this Court is without authority to address this claim.

## II. DISCUSSION

A. **Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." See Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009).[1]

---

[1] "If AEDPA is aimed at minimizing repeated attacks on an underlying judgment and, to that end, permits 'second or successive' petitions to be heard only via § 2244, then the small subset of permissible non-successive petitions must fit within these boundaries. When we look to the jurisprudence we find that contrasting petitions typically deemed non-successive with those typically deemed successive illuminates this middle ground. Later habeas petitions attacking the same judgment that was attacked in a prior

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit *before* filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gutierrez' motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion.

The current motion seeks relief on grounds that Gutierrez has previously and unsuccessfully sought relief. Gutierrez' motion (D.E. 393) is treated as a successive § 2255 motion and is DISMISSED.

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a

---

petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error-when the error arises after the underlying conviction-tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Id. at 222 (internal citations omitted).

substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Gutierrez' motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Gutierrez cannot establish at least one of the Slack criteria. Accordingly, Gutierrez is not entitled to a COA as to his claims.

## III.  CONCLUSION

For the foregoing reasons, Gutierrez' motion (D.E. 393) is DISMISSED. Additionally, Gutierrez is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 22nd day of February, 2011.

_____
Janis Graham Jack
United States District Judge